UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS POW and MADELAINE VALDEZ,<br><br>                        Plaintiffs,<br><br>                -v.-<br><br>ARMELLINI INDUSTRIES INC. and JASSEN LOISEAU,<br><br>                      Defendants. | 22 Civ. 10908 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs Chris Pow and Madelaine Valdez (together, "Plaintiffs") sued Defendants Armellini Industries Inc. ("Armellini") and Jassen Loiseau (together, "Defendants"), alleging that Defendants' negligence caused them serious personal injuries.  (Dkt. #1-1 ¶¶ 19-24).  On April 22, 2025, the Court issued an Opinion and Order granting summary judgment in favor of Defendants.  (Dkt. #44).  Plaintiffs now ask the Court to reconsider that decision by moving under several Federal Rules of Civil Procedure, including Rules 60(b), 37(a), and 59(e).  (Dkt. #47-48).  For the reasons that follow, the Court denies each of Plaintiffs' motions.

## BACKGROUND

### A.    Factual Background

The relevant factual background is detailed in the Court's April 22, 2025 Opinion and Order, which the Court herein incorporates by reference.  (*See* Dkt. #44).  *See Pow* v. *Armellini Indus. Inc.*, No. 22 Civ. 10908 (KPF), 2025 WL 1190774 (S.D.N.Y. Apr. 22, 2025).  In short, on October 15, 2019, while stuck

in stop-and-go traffic on the Cross Bronx Expressway, the parties got into an automobile accident. (Dkt. #44 at 2). A truck owned and managed by Armellini and operated by Loiseau (an Armellini employee) rolled backward into Plaintiffs' 2018 Honda Odyssey, which was at a stop. (*Id.* at 2-3). Plaintiffs allege that, as a result of the accident, Valdez sustained several injuries, including post-traumatic stress disorder; whiplash; pain in her back, right shoulder, and right hip; and a right ankle sprain, and that Pow sustained several injuries, including a rib fracture; a left collarbone fracture; injuries to his knees; a pinched nerve in his neck; spine herniations; and left shoulder leakage. (*Id.* at 3 (citing Dkt. #37-1 ¶¶ 13-14)).

**B.     Procedural Background**

Plaintiffs initially brought this case in New York state court, but Defendants later removed the action to this Court on the basis of diversity of citizenship jurisdiction. (Dkt. #44 at 3). *See also* 28 U.S.C. §§ 1332, 1441, 1446. Defendants eventually moved for summary judgment, arguing that Plaintiffs had failed to show that they sustained a "serious injury" as required to recover in tort for non-economic loss under New York Insurance Law § 5104(a). (Dkt. #44 at 1, 5). On April 22, 2025, the Court granted Defendants' summary judgment motion and closed the case. (*Id.* at 15).

Plaintiffs now challenge that result. Though still represented by counsel, they filed two motions *pro se* on April 29, 2025. The Court construes the first motion, entitled "Motion for Relief from Judgment or Order and Motion to Compel," as a motion under Federal Rules of Civil Procedure 60(b) and 37(a).

(Dkt. #47).  The second motion is a Rule 59(e) motion to alter or amend the judgment.  (Dkt. #48).  Defendants opposed Plaintiffs' filing of any motions *pro se* while still represented by counsel, but the Court ordered Defendants to respond to the motions anyway.  (Dkt. #52).  By this time, Plaintiffs' counsel had signaled his intent to withdraw (Dkt. #51-1), and made a formal motion in that regard on May 26, 2025 (Dkt. #53), which motion the Court granted on May 27, 2025 (Dkt. #54).

A somewhat messy series of filings ensued after Plaintiffs' counsel was permitted to withdraw.  On June 18, 2025, while Defendants' response to Plaintiffs' motions was still pending, Plaintiffs filed an amended motion (Dkt. #58), which the Court later struck at Plaintiffs' request (Dkt. #66).  Meanwhile, also on June 18, 2025, Plaintiffs filed a document entitled "Notice to th[e] Court regarding Filed Documents Supporting the Non[-]Performance and or Misconduct re: Defendants['] Insurance A[d]juster, and or Attorneys."  (Dkt. #59).

On July 2, 2025, the Court directed Defendants to respond to Plaintiffs' two motions, filed at docket entries 47 and 48, and to their "Notice," filed at docket entry 59.  (Dkt. #64; *see also* Dkt. #66 (clarifying the documents to which Defendants should respond)).  On July 30, 2025, Defendants did so, filing their opposition to Plaintiffs' two motions and "Notice."  (Dkt. #67).

On August 4, 2025, Plaintiffs filed their reply.  (Dkt. #68).  Over the course of the next month and a half, they filed a flurry of further documents. On August 6, 2025, Plaintiffs submitted supplemental supporting documents

(Dkt. #69) and a cover letter explaining those documents (Dkt. #70 (apparently an edited version of the cover letter in docket entry 69)).  On August 8, 2025, Plaintiffs submitted a "Supplemental Exhibit-K to Response Brief."  (Dkt. #71). On August 18, 2025, Plaintiffs filed a "Supplemental Response to Docket# For Motion for Relief [under] Federal Rule 60[b] From Judg[]ment or Order" (Dkt. #72), but on August 20, 2025, the Court struck the document as inadvertently filed and directed Plaintiffs going forward to only file supplemental briefing if a new, relevant issue of fact or law arose (Dkt. #73).

Also on August 20, 2025, Plaintiffs submitted a "Supplemental Brief Response," which lacked any discussion of a new, relevant issue of fact or law. (Dkt. #74).  The Court declined Defendants' request to strike that document, however, because of the possibility that Plaintiffs had filed it without the benefit of the Court's August 20, 2025 directive.  (Dkt. #76).  Thereafter, Plaintiffs submitted various other documents (Dkt. #77-78, 81, 83), all of which the Court subsequently struck (Dkt. #80, 84).  Thus, the documents currently under the Court's consideration are the following: Plaintiffs' opening submission comprising docket entries 47, 48, and 59; Defendants' opposition at docket entry 67; and Plaintiffs' reply comprising docket entries 68, 69, 70, 71, and 74.

**DISCUSSION**

## A.   Applicable Law

### 1.   Federal Rule of Civil Procedure 60(b)

As noted, Plaintiffs' motion seeks relief from the Court's summary judgment decision under various federal civil rules, each of which is discussed in turn in this section.  Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Second Circuit has made clear that "[r]elief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Ins. Co. of N. Am.* v. *Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States* v. *Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001)).

Plaintiffs' motion largely rests on Rule 60(b)(3), which "is invoked where material information has been withheld or incorrect or perjured evidence has

been intentionally supplied." *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981).  In other words, a Rule 60(b)(3) motion "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming* v. *N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).  What is more, if the moving party's arguments for relief fit under any of the first five grounds, relief under Rule 60(b)(6)'s catch-all provision is unavailable.  *See ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply[.]").  Any motion made under Rule 60(b) must also be brought within a "reasonable time," and motions under Rule 60(b)(1), (2), and (3) must be brought no more than one year after the entry of the judgment.  Fed. R. Civ. P. 60(c).

### 2.    Federal Rule of Civil Procedure 37(a)

Rule 37 speaks to discovery violations, and provides in relevant part that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  The decision whether to grant such a motion to compel is firmly within the discretion of the district court.  *United States* v. *Sanders*, 211 F.3d 711, 720 (2d Cir. 2000) ("[M]otions to compel under Fed. R. Civ. P. 37 … are entrusted to the sound discretion of the district court.").

### 3.    Federal Rule of Civil Procedure 59(e)

Rule 59 permits a party to file a motion to alter or amend a judgment, but only within "28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

6

This time limit is "short" and allows for "no possibility of an extension."
*Banister* v. *Davis*, 590 U.S. 504, 507-08 (2020) (citing Fed. R. Civ. P. 6(b)(2)
(prohibiting extensions to Rule 59(e)'s deadline)).  Thus, Rule 59(e) "gives a
district court the chance 'to rectify its own mistakes in the period immediately
following' its decision."  *Id.* (quoting *White* v. *N.H. Dep't of Emp. Sec.*, 455 U.S.
445, 450 (1982)).

But "'federal courts generally have used Rule 59(e) only' to 'reconsider
matters properly encompassed in a decision on the merits,'" and "will not
address new arguments or evidence that the moving party could have raised
before the decision issued."  *Banister*, 590 U.S. at 508 (alterations adopted)
(quoting *White*, 455 U.S. at 451).  Put differently, a Rule 59(e) motion "will
generally be denied unless the moving party can point to controlling decisions
or data that the court overlooked — matters, in other words, that might
reasonably be expected to alter the conclusion reached by the court."  *Shrader*
v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  This is an intentionally
strict standard: "[r]econsideration of a prior order under Rule 59(e) is an
'extraordinary remedy to be employed sparingly in the interests of finality and
conservation of scarce judicial resources.'"  *SEC* v. *Collector's Coffee Inc.*, No. 19
Civ. 4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Sikhs
for Just.* v. *Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)).

### 4.   *Pro Se* Litigants

Finally, *pro* se litigants are entitled to "special solicitude."  *Ruotolo* v. *IRS*,
28 F.3d 6, 8 (2d Cir. 1994)).  Courts must construe a *pro se* litigant's

submissions "liberally and interpret them to raise the strongest arguments that they suggest." *Brownell* v. *Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen* v. *Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). At the same time, courts "cannot read into *pro se* submissions claims that are not 'consistent' with the *pro se* litigant's allegations or arguments that the submissions themselves do not 'suggest.'" *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted) (first quoting *Phillips* v. *Girdich*, 408 F.3d 124, 127 (2d Cir. 2005); and then quoting *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Nor should courts "excuse frivolous or vexatious filings by *pro se* litigants." *Iwachiw* v. *N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005). "[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth* v. *Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## B.  Analysis

### 1.  The Court Will Consider Plaintiffs' *Pro Se* Motions Submitted While Still Represented by Counsel

As a threshold matter, Defendants contend that the Court should not consider Plaintiffs' motions at docket entries 47 and 48 because they were submitted *pro se* while Plaintiffs were still represented by counsel. (Dkt. #67 at 1, 4). The Court retains significant discretion to manage its docket, and that discretion encompasses the power to accept *pro se* filings submitted by a represented party. *Cf. United States* v. *Mateo de la Cruz*, No. 06 Cr. 1091 (SAS), 2007 WL 2325860, at *3 n.46 (S.D.N.Y. Aug. 13, 2007) ("This Court has the

discretion to accept pro se submissions from a represented criminal defendant." (citing, among others, *United States* v. *Tutino,* 883 F.2d 1125, 1141 (2d Cir. 1989))).

In the criminal context, the Second Circuit has explained, "a court may, in its discretion, allow pro se appearances from a counseled defendant," particularly where the defendant sticks to his decision to proceed *pro se* rather than "switch[ing] between pro se and counseled modes at will." *United States* v. *El Hage*, 74 F.4th 90, 93 (2d Cir. 2023) (Nardini, J., in chambers). That the *pro se* submissions in this case come from civil plaintiffs rather than a criminal defendant does not affect this Court's view of the strength of its docket management authority. *See* Fed. R. Civ. P. 1; *Dietz* v. *Bouldin*, 579 U.S. 40, 47 (2016) ("District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Here, the Court exercises its discretion to accept Plaintiffs' *pro se* filings. For one thing, Plaintiffs have not alternated between *pro se* and counseled submissions; they have stuck to their choice. *See El Hage*, 74 F.4th at 93. Moreover, the Court previously recognized the potential problem with receiving *pro se* motions from Plaintiffs while they were still represented and directed counsel for both parties to confer and file a joint letter regarding the motions. (Dkt. #50). In response, Plaintiffs' counsel signaled his intent to withdraw "in fairness" to Plaintiffs. (Dkt. #51-1). In part based on that representation, the Court then directed Defendants to respond to Plaintiffs' motions (Dkt. #52),

and soon thereafter it granted Plaintiffs' counsel's request to withdraw (Dkt. #54).  In their first *pro se* motion, Plaintiffs explain that their counsel had endured health issues, leading to a breakdown in communications as early as January 2025.  (Dkt. #47 at 1).  Thus, while counsel still formally represented Plaintiffs at the time they filed their motions, practically speaking, they no longer had access to counsel.  Accordingly, the Court exercises its civil docket management authority and elects to consider Plaintiffs' *pro se* filings.

### 2. The Court Denies Plaintiffs' Rule 60(b) Motion for Relief from Judgment

#### a. There Was No Misconduct by Defendants or Their Counsel

The Court proceeds to consider the merits of Plaintiffs' claims under the three federal rules.  Plaintiffs' principal argument in their Rule 60 motion is that the Court did not have all their medical records when it found that they did not sustain serious injuries and granted summary judgment to Defendants. (Dkt. #47 at 2).  Plaintiffs do not specify under which subpart of Rule 60 they bring their motion, but the Court understands their arguments to fit primarily under Rule 60(b)(3) as claiming fraud, misrepresentation, or misconduct by an opposing party.  Specifically, Plaintiffs assert that Defendants possessed their medical records — which allegedly show that Plaintiffs in fact suffered serious injuries — and failed to disclose them.  (*Id.*).  But Plaintiffs offer no foundation whatsoever for that assertion, and Defendants unequivocally deny it.  (Dkt. #67 at 4 ("Any claim of fraud by the [D]efendants … is entirely disingenuous and lacking in any merit.")).

10

Plaintiffs' argument strikes the Court as a transparent attempt to "relitigate the merits" of the Court's summary judgment decision. *Fleming*, 865 F.2d at 484. The Court has already decided that Plaintiffs did not suffer serious injuries. (Dkt. #44). Plaintiffs now wish the Court to reconsider that decision under the guise of Defendants' alleged fraud, misrepresentation, or misconduct for failure to provide the Court with Plaintiffs' own medical records. Such an argument is inappropriate in this Rule 60(b)(3) posture. *See Fleming*, 865 F.2d at 484.

Even were the argument not a second bite at the summary judgment apple, it makes little sense. Plaintiffs do not claim that Defendants failed to produce documents in their exclusive possession, such as defense expert medical reports. Instead, Plaintiffs claim that Defendants failed to produce records of Plaintiffs' own medical visits — which are records Plaintiffs could have accessed and submitted themselves at summary judgment. In the end, then, the Court is not persuaded by Plaintiffs' unsubstantiated accusation that Defendants withheld any material information in the first place, and certainly not by the requisite standard of clear and convincing evidence. *See In re Emergency Beacon Corp.*, 666 F.2d at 759; *Fleming*, 865 F.2d at 484.

### b. Plaintiffs Are Bound by Their Counsel's Strategic Decisions

Alternatively, Plaintiffs fault their counsel for failing to present the records to the Court. (Dkt. #47 at 2). But that argument is similarly unavailing; indeed, it completely undercuts Plaintiffs' position. The argument implicitly concedes that the medical records were available to Plaintiffs and

11

that their counsel possessed them but, for whatever reason, chose not to present them to the Court. Plaintiffs are bound by their counsel's actions. *See Reilly* v. *Natwest Markets Grp. Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (applying "the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys"); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent" and cannot "avoid the consequences of [his lawyer's] acts or omissions."). That includes counsel's decision not to submit the additional medical records Plaintiffs now wish the Court to consider.

### c.   There Is No Basis Under Rule 60(b) to Reopen the Evidentiary Record

Not to be deterred, Plaintiffs also ask for more time to retrieve what they say are yet additional, "remaining" medical records. (Dkt. #47 at 3). But even if the Court believed those records might convince it to reconsider its summary judgment decision (and it does not), no provision of Rule 60 justifies this relief. It follows from the above analysis that these remaining records cannot be "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). To the extent they exist, Plaintiffs have known about them all along. (*See* Dkt. #47 at 2-3 (suggesting that the remaining medical records are in the possession of Plaintiffs' medical providers or prior counsel or were previously "presented to Defendants")). And to the extent the failure to present these previously available records was "neglect" under Rule 60(b)(1), it was certainly not "excusable," because Plaintiffs had ample time to gather their documents and offer no justification

12

for their delay.  (*See* Dkt. #47 at 2 (stating only that Plaintiffs don't "understand why our … medicals w[ere]n't also provided to the [C]ourt")).

Nor does Rule 60(b)(6)'s catch-all provision offer Plaintiffs safe harbor. "In typical civil proceedings, this Court *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct."  *Harris* v. *United States*, 367 F.3d 74, 81 (2d Cir. 2004).  "[O]nly extraordinary circumstances can justify relief" under Rule 60(b)(6), *BLOM Bank SAL* v. *Honickman*, 605 U.S. 204, 206 (2025) (internal quotation marks omitted), such as when a court denies an ineffective assistance of counsel claim in a criminal case resulting in a sentence of death where defense counsel introduced possibly prejudicial racial evidence, *see Buck* v. *Davis*, 580 U.S. 100, 104 (2017).  Plaintiffs' circumstance falls far short of this exacting standard.

Additionally, Plaintiffs submit as exhibits to their Rule 60(b) motion certain medical records that they claim prove they sustained serious injuries. (Dkt. #47, 47-1, 47-2).  But the Court will not consider these exhibits.  They do not comprise "newly discovered evidence," Fed. R. Civ. P. 60(b)(2), or documents not previously provided due to "excusable neglect," *id.* 60(b)(1). More to the point, they are not admissible as evidence to defeat Defendants' summary judgment motion because they are not in the form of sworn affidavits by physicians or unsworn declarations made under the penalty of perjury.  *See Barth* v. *Harris*, No. 00 Civ. 1658 (CM), 2001 WL 736802, at *2 (S.D.N.Y. June 25, 2001) ("For plaintiff to defeat a summary judgment motion" that he did not sustain a serious injury, "admissible evidence must be presented in the

13

form of sworn affidavits by physicians."); *Williams* v. *Elzy*, No. 00 Civ. 5382 (HBP), 2003 WL 22208349, at *5 (S.D.N.Y. Sept. 23, 2003) ("28 U.S.C. § 1746 provides that unsworn declarations made under the penalty of perjury have the same evidentiary weight as affidavits."). And even if they were admissible, they are of limited help to Plaintiffs' cause: a report for Pow, for example, explains that he was "not evaluated on the day of accident" because he sustained "*minor injury only.*" (Dkt. #47-2 (emphasis added)).

In addition to arguing that the Court should consider more medical reports, Plaintiffs also argue that Defendants violated Rule 26(a) by withholding video and audio recordings of the accident and the ensuing conversation between Plaintiffs and Defendant Loiseau. (Dkt. #47 at 4-5, 8). Plaintiffs say that these recordings show that Loiseau had only a permit rather than a license to drive the truck and that the licensed lead driver was asleep in the cab. (*Id.*). But even if Defendants possess these recordings — and Defendants convincingly argue they do not (Dkt. #67 at 3) — the recordings are irrelevant to the serious injury inquiry. Neither the damage to Plaintiffs' vehicle nor whether Loiseau operated the truck with appropriate credentials or supervision speaks to the seriousness of Plaintiffs' injuries.

Finally, Plaintiffs express dissatisfaction with their counsel's performance and ask for "time to [h]ire [a]nother [a]ttorney." (Dkt. #47 at 3). But this, too, is not a basis for relief under Rule 60. As already discussed, Plaintiffs are bound by their counsel's actions to date in this litigation.

14

3.      **The Court Denies Plaintiffs' Rule 37(a) Motion to Compel**

Plaintiffs do not clearly articulate their grounds for a motion to compel under Rule 37(a), but the motion appears to turn on Plaintiffs' belief that Defendants have improperly withheld medical records and video and audio recordings. (*See generally* Dkt. #47). As explained above, even if Defendants possess those materials (and there is no basis in the record to believe that they do), ordering Defendants to produce them to Plaintiffs would be futile because they would not cause the Court to reverse its prior decision on summary judgment.

4.      **The Court Denies Plaintiffs' Rule 59(e) Motion to Alter or Amend the Judgment**

Plaintiffs' third motion for relief, under Rule 59(e), simply rehashes the arguments advanced in their Rule 60 motion. Plaintiffs contend that they have submitted medical exhibits proving they suffered serious injuries. (Dkt. #48 at 1). They also argue that Defendants engaged in misconduct by failing to disclose material facts of which they had knowledge, constituting fraud on the Court and violating Rule 26. (*Id.* at 1-2). Neither argument finds purchase.

A Rule 59(e) motion must focus on "controlling decisions or data that the court overlooked," not new evidence previously available to the moving party. *Shrader*, 70 F.3d at 257; *Banister*, 590 U.S. at 598 & n.2. To the extent Plaintiffs argue the medical records previously before the Court at summary judgment demonstrated serious injuries, their cursory and conclusory arguments — which, generously construed, comprise three sentences (*see* Dkt. #48 at 1-2) — do not convince the Court that it made a mistake, let alone

15

one so grave as to warrant Rule 59(e)'s extraordinary relief, *see Sikhs for Just.*, 893 F. Supp. 2d at 605. Relatedly, Plaintiffs' arguments regarding Defendants' alleged failure to disclose and fraud on the Court are not suited for Rule 59(e) but rather Rule 60(b), and the Court has already explained why those arguments fail under Rule 60(b).

Additionally, the Court understands Plaintiffs to acknowledge that the exhibits attached to their Rule 59(e) motion are new to the Court. But they are not new to Plaintiffs. For that reason alone, the Court cannot consider them. *Banister*, 590 U.S. at 508 (Under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."). But even if the Court could consider the exhibits, they would not alter its previous conclusion that Plaintiffs did not suffer serious injuries. *See Shrader*, 70 F.3d at 257. The first exhibit is an auto body repair shop estimate, and the second is an agreement between Pow and Defendants for Defendants to pay Pow the amount of the estimate in exchange for a release and discharge of further claims for property damage. (Dkt. #48-1 to 48-2). Those exhibits are irrelevant; they relate to the damage to Plaintiffs' vehicle and say nothing at all about the extent of Plaintiffs' injuries. The third exhibit is the same medical report discussed above that explains that Mr. Pow was "not evaluated on the day of accident" because he sustained "minor injury only." (Dkt. #47-2, 48-3). This exhibit is entirely unhelpful to Plaintiffs because it directly contradicts any argument of serious injury.

16

5.    **Any Arguments Raised for the First Time in Reply Briefing Are Waived**

Finally, the Court dispenses with Plaintiffs' various reply documents in short order.  The reply papers offer no nuance on the arguments advanced in Plaintiffs' opening papers, and to the extent they raise new arguments, those arguments are waived.  *See Farmer* v. *United States*, No. 12 Cr. 758 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived, and courts have routinely applied this rule to *pro se* litigants."); *see also UMS Sols.* v. *Cornell*, No. 17 Civ. 3119 (VSB), 2021 WL 3771982, at *3 (S.D.N.Y. Aug. 24, 2021) (applying this principle to a Rule 60(b)(6) motion).

Similarly, the Court will not consider the exhibits Plaintiffs filed for the first time in their reply submission.  (*See* Dkt. #68-1 to 68-10, 69-1 to 69-2).  They are new and therefore waived.

That does, however, leave the exhibits attached to Plaintiffs' "Notice" (Dkt. #59), which is functionally a supplement to the Rule 60(b) and 59(e) motions, but which the Court considers part of Plaintiffs' opening submission.  One of those exhibits, an MRI report (Dkt. #59-2), is inadmissible because it is neither a sworn affidavit nor an unsworn declaration made under penalty of perjury, *see Barth*, 2001 WL 736802, at *2; *Williams*, 2003 WL 22208349, at *5.  But the other, a report of a follow-up visit Pow had with Dr. Tong Li on January 11, 2021 (Dkt. #59-1), would potentially be admissible because Dr. Li affirmed under penalty of perjury that the statements contained in the report were true.  (*Id.* at 6).  Even so, that exhibit does not support a Rule 60 motion

17

for relief from judgment.  Plaintiffs offer no basis for the Court to believe Defendants had and suppressed this document, *see* Fed. R. Civ. P. 60(b)(3), and, in any event, it is of questionable probative value because the visit occurred nearly 15 months after the accident.  Conversely, that exhibit cannot supplement Plaintiffs' Rule 59(e) motion because it is new to the Court and was previously available to Plaintiffs.  *See Banister*, 590 U.S. at 507-08 & n.2.

### CONCLUSION

For the above reasons, the Court DENIES Plaintiffs' motions for relief from judgment under Rule 60(b), to compel under Rule 37(a), and to alter or amend a judgment under Rule 59(e).  The Clerk of Court is directed to terminate the pending motions at docket entries 47 and 48 and is further directed to mail a copy of this Opinion and Order to Plaintiffs at the following address:

> Chris Pow and Madelaine Valdez
> 1316 Riverside Drive
> New York, New York 10033

SO ORDERED.

Dated:   December 16, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

18